BAIME, Judge,
concurring in the result:
This decision troubles me, and as a result, I must concur in the result but not the means relied upon to achieve it. This case should be decided in one of two ways. First, we could find counsel’s performance was deficient and prejudice resulted from that deficiency under the two-step analysis of Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Alternatively, we could find the convening authority did not have the opportunity to review appellant’s entire clemency submission. See United States v. Wheelus, 49 M.J. 283, 287 (C.A.A.F.1998).[1] A finding of prejudice un *512 der either analysis dictates we send the case back for a new review and action. The majority opinion resolves the case on the latter basis despite a solid foundation to decide the case on the former basis.
After reviewing trial defense counsel’s actions, or in this ease, inactions, I believe the legally correct conclusion is counsel was ineffective for failing to properly advise appellant on his right to request waiver of forfeitures. Trial defense counsel wrote in her affidavit appellant’s “allegation may be true as to the failure to advise him regarding waiver of forfeitures,” and “[sjinee waiver is not specifically mentioned in the form [Post-Trial and Appellate Rights Form] and I do not have any independent recollection of counseling him on waiver, I believe it may be true that I did not go over it with him.”
The majority opinion, after describing circumstances establishing a prima facie case of ineffective assistance of counsel satisfying both prongs of Strickland v. Washington, does everything but call her actions ineffective. The majority describes actions constituting deficient performance. The majority’s decision to return the case for a new review and action demonstrates they conclude prejudice occurred. The majority’s unwillingness to explicitly link the deficient performance and prejudice together amounts to, in my mind, an overly paternalistic resolution of this case.
The court finds appellant “established a colorable showing of prejudice” and orders the ease returned for a new review and action because the convening authority did not get a chance to completely review all of appellant’s materials. In light of the majority’s resolution of this case under Wheelus, no discussion of ineffective assistance of counsel is necessary because the court declines to find trial defense counsel ineffective.
I agree with the majority that post-trial representation is becoming an issue we are facing with unfortunate regularity. Trial defense counsel must remain vigilant throughout the entire post-trial process and zealously represent their clients until their representation fully ends and not merely until the military judge adjourns the court-martial following sentencing.
I would find appellant received ineffective assistance of counsel and send the case back for a new review and action.

. Our superior court has often noted, "an accused's best chance for post-trial clemency is the convening authority.” Wheelus, 49 M.J. at 287. Consequently, "the convening authority's obli *512 gation to consider defense [clemency] submissions is uniquely critical to an accused.” United States v. Hamilton, 47 M.J. 32, 35 (C.A.A.F.1997). This is the approach we recently took in United States v. Kiriou, ARMY 20081064 (Army Ct.Crim.App. 8 Apr. 2010) (unpub.).